NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0204n.06

No. 09-1621

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Apr 01, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ROBERT DALGLIESH, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KENNETH MCKEE, | ) | WESTERN DISTRICT OF MICHIGAN, |
| | ) | SOUTHERN DIVISION |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**BEFORE:** **KEITH, MERRITT, and MARTIN, Circuit Judges.**

**PER CURIAM.** This case arises out of defendant Robert Dalgliesh's guilty plea to the charge of continuing criminal enterprise, MICH. COMP. LAWS § 750.159i(4), a felony punishable by a maximum of twenty years of imprisonment. MICH. COMP. LAWS § 750.159j. Dalgliesh was subsequently sentenced by the trial judge to a minimum of ten and a maximum of twenty years in prison. Dalgliesh petitioned for a writ of habeas corpus, raising a number of claims all related to the length of his sentence. Before the court today is only one issue: whether Dalgliesh's sentence violated the Sixth Amendment, based on the principles set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). For the reasons discussed below, we conclude that no constitutional violation occurred. Accordingly, we **AFFIRM** the district court's denial of Dalgliesh's petition.

1

## FACTUAL BACKGROUND

On November 9, 2006, Dalgliesh was charged with one count of solicitation to murder, a felony punishable by life in prison. MICH. COMP. LAWS 750.157b(2). Dalgliesh was accused of attempting to hire a prison inmate to murder a corrections officer. Dalgliesh allegedly acted on behalf of his co-defendant Tammy Williams who had been married to the intended victim. On December 21, 2006, Dalgliesh pled guilty to the solicitation charge with a sentence recommendation by the prosecutor of four to twenty years. However, at the sentencing hearing on February 20, 2007, the trial court disregarded the sentencing recommendation and imposed a prison sentence of ten to twenty years. Dalgliesh was permitted to withdraw his plea because the trial court did not follow the plea agreement.

On March 21, 2007, Dalgliesh pled guilty to the charge of continuing criminal enterprise, a felony punishable by a maximum of twenty years of imprisonment. In the pre-sentence report, the probation officer calculated a range of thirty-six to sixty months under the sentencing guidelines and recommended a sentence of five to twenty years. However, during the sentencing hearing on April 17, 2007, the trial court again departed upward from the sentencing guidelines and sentenced Dalgliesh to a prison term of between ten and twenty years.

Dalgliesh, after attempting to overturn his conviction and sentence on direct appeal, filed a petition for habeas relief, arguing that his sentence violated his right to due process pursuant to the United States Constitution. On April 2, 2009, the district court dismissed Dalgliesh's petition because "it fail[ed] to raise a meritorious federal claim" and denied his petition for a certificate of appealability. *Dalgliesh v. McKee*, No. 1:09-cv-152, 2009 U.S. Dist. LEXIS 28359, *1-2 (W.D.

No. 09-1621, *Dalgliesh v. McKee*

Mich. Apr. 2, 2009). Dalgliesh subsequently appealed the district court's denial of his petition and his request for a certificate of appealability. In support, Dalgliesh raised a number of arguments as to why the state court's sentence violated his right to due process. We granted Dalgliesh's petition solely as to the question of whether the sentence violated the Sixth Amendment as set out in *Apprendi* and *Blakely*. We consider that question here.

## STANDARD OF REVIEW

In a habeas case, a district court's legal conclusions are reviewed de novo, while its factual findings are reviewed for clear-error. *Harris v. Haeberlin*, 526 F.3d 903, 909 (6th Cir. 2008). Further, the state court's decision under review is entitled to deference pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2254. Section 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under AEDPA, not every constitutional error in a state-court proceeding merits habeas relief. *Williams v. Taylor*, 529 U.S. 362, 375 (2000). However, those that "undermine confidence in the fundamental fairness of the state adjudication certainly justify the issuance of the federal writ." *Id.*

## ANALYSIS

The sole question before the court upon review is whether the trial court's imposition of a sentence of between ten and twenty years, despite the fact that the sentencing guidelines recommended a sentence of between three and five years, violated the Sixth Amendment.

In *Apprendi v. New Jersey*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely v. Washington*, the Court, relying upon *Apprendi,* invalidated Washington State's sentencing regime because it authorized a trial judge to depart from the ordinary sentencing range if he or she independently concluded that the defendant acted with "deliberate cruelty." 542 U.S. at 298 (quotation marks and citation omitted). The *Blakely* Court explained that the "statutory maximum" with which *Apprendi* was concerned was "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 303 (quotation marks and citations omitted).

In this case, the maximum amount of time for which Dalgliesh could have been imprisoned for his crime, under the statute, was twenty years. Michigan utilizes an "indeterminate" sentencing scheme under which the judge specifies the minimum amount of time the defendant must be in prison before becoming eligible for parole and also his mandatory release date. MICH. COMP. LAWS § 769.12(2). The guidelines determine the range from which the trial judge could select Dalgliesh's minimum sentence – i.e., the minimum amount of time Dalgliesh must serve before becoming

No. 09-1621, *Dalgliesh v. McKee*

eligible for parole. *See* MICH. COMP. LAWS §§ 777.61-69 (sentencing grids). The mandatory release date was not dependent upon any factual findings, but rather is set by statute.

Dalgliesh argues that his sentence is unconstitutional because the trial judge made factual findings that increased the minimum amount of time he must spend imprisoned. Dalgliesh's argument misinterprets *Apprendi* and the Supreme Court's subsequent jurisprudence. As explained above, *Apprendi* and its progeny prohibit a judge from engaging in judicial fact-finding only if it increases the maximum time the defendant must spend in jail. In this case, the statutory maximum that Dalgliesh could face is twenty years. Dalgliesh's sentence of ten to twenty years falls within this range. The trial judge's fact-finding only increased the minimum amount of time Dalgliesh would have to serve – increasing it from anywhere between three and five years to ten years. Accordingly, Dalgliesh's sentence did not violate the Sixth Amendment principles set forth in *Apprendi* and *Blakely*.

Any doubt concerning this conclusion is vitiated by the fact that the Sixth Circuit has twice recently rejected identical arguments by defendants to their sentences in Michigan state courts. *Montes v. Trombley*, 599 F.3d 490 (6th Cir. 2010); *Hudson v. Curtin*, 371 F. App'x 607 (6th Cir. 2010).

## CONCLUSION

Accordingly, we hereby **AFFIRM** the lower court's denial of Dalgliesh's petition for a writ of habeas corpus.